**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LAURA DICK,
    Plaintiff,

v.                                    Case No.:    8:18-cv-2135-JSM-CPT

THE SCHOOL BOARD OF POLK
COUNTY,
    Defendant.
_____/

**DEFENDANT THE SCHOOL BOARD OF POLK COUNTY'S ANSWER AND
AFFIRMATIVE DEFENSES**

Defendant The School Board of Polk County answers the initial Complaint as follows:

    1.    Admit.

    2.    Admit.

    3.    Admit.

    4.    Admit.

    5.    Admit.

    6.    Admit.

    7.    Admit.

    8.    Admit.

    9.    Admit.

    10.    Admit plaintiff returned to work some time after May 17, 2017. Admit plaintiff worked certain days during the remaining 2016-2017 school year. All other allegations denied.

    11.    Admit.

12. Denied.

13. Admit Principal Cotter sent an email with the quote "make sure we don't have to go through what we did last year with . . . ." All other allegations denied.

14. Denied.

    a. Denied.

    b. Admit Principal Cotter asked plaintiff if plaintiff wanted to be placed on the displaced list so she could be transferred to another school because Cotter knew plaintiff was not happy at Crystal Lake Middle School. All other allegations denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

15. Admit.

16. Denied.

17. Admit.

18. Admit.

19. Denied.

20. Admit.

21. Admit paragraph 21.5-1 speaks for itself. All other allegations denied.

22. Denied.

23. Denied because the term "Board policies" is not defined.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Admit.

35. Admit.

36. Defendant restates its answers to paragraphs 1 through 35.

37. Denied.

38. Admit.

39. Denied.

40. Denied.

41. Denied.

42. Denied that plaintiff was entitled to receive leave pursuant to the FMLA. Admit defendant was not permitted to take adverse employment actions or retaliate against plaintiff for exercising her rights under the FMLA. All other allegations denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

Wherefore, defendant respectfully requests a judgment be entered in its favor against plaintiff, and award defendant costs and fees and expenses of litigation, and any other further relief the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because she abandoned her job.

3. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages, if any.

4. Any recovery from defendant must be reduced by the total of all amounts which have been paid for the benefit of the claim.

5. Plaintiff's claims may be barred, in whole or in part, by the doctrines of

waiver, consent, estoppel, res judicata, unclean hands and/or laches.

6. Each employment action taken by defendant that concerned plaintiff was for a legitimate non-discriminatory and non-retaliatory reasons without regard to plaintiff's medical condition or prior use of FMLA leave.

7. The recovery, if any, by plaintiff may be limited by the provisions of Chapter 768, Florida Statutes.

8. Assuming, *arguendo*, plaintiff is able to establish her entitlement to, and use of, FMLA leave played any part in her termination, which defendant denies, defendant would have undertaken the same course of action even in the absence of any unlawful consideration.

9. Plaintiff's claim for any damages must be eliminated or reduced to the extent she is, has been, or will be compensated from collateral sources.

10. To the extent defendant learns through discovery plaintiff engaged in wrongdoing which would have led to her discharge, plaintiff's damages are limited by the doctrine of after-acquired evidence.

11. Defendant acted at all times in good faith and satisfied each and every duty, if any, owed to plaintiff.

12. At all relevant times, defendant acted in compliance with all applicable laws, rules, regulations, and standards.

13. Defendant has not breached any statutory, common law, or contractual duty owed to plaintiff.

14. Plaintiff's claims under and in connection with the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, are barred because:

    a. Plaintiff failed to timely request FMLA leave;

    b.  Plaintiff failed to follow applicable procedures for seeking FMLA leave as reasonably required by defendant;

    c.  Plaintiff was ineligible for FMLA leave

15. Defendant expressly reserve the right to assert additional affirmative defenses and revise the defenses herein as they learn of additional relevant facts during the course of this litigation.

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2018, I electronically filed the foregoing document with the clerk of Court via the CM/ECF System which will send a notice of the electronic filing to J. Kemp Brinson, 224 E. Marks Ave, Orlando, Florida 32803 at kbrinson@lawyerfightsforyou.com.

**STIDHAM & STIDHAM, P.A.**

/s/Jeffrey Sullivan
**JEFFREY SULLIVAN**
Florida Bar Number: 0009814
Stidham & Stidham, P.A.
Post Office Box 510
Bartow, Florida 33831
Telephone: (863) 533-0866
Telecopier: (863) 533-1151
Jeffsullivan314@yahoo.com
Smuntz@stidhamlawyers.com
Attorneys for Defendant School Board